# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HAMID FARZAN, | ) | CASE NO. 1:18CV1107 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| BABCOCK & WILCOX, etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #5) of Plaintiff Hamid Farzan to Remand to State Court. For the following reasons, the Court grants Plaintiff's Motion.

## I. BACKGROUND

On June 22, 2017, Plaintiff filed a Complaint against Defendants, Babcock & Wilcox Company and Babcock & Wilcox Enterprises, Inc. (collectively "B&W") and David van der Wiel, in the Cuyahoga County Court of Common Pleas. According to the Complaint, Plaintiff worked for Defendants for 33 years and never received a negative performance review. Plaintiff was asked by Defendants on two occasions in 2014 and 2015 to consider retirement but Plaintiff declined. In 2016, Plaintiff asked to be considered for open positions within the company in anticipation of layoffs, but was not considered. Ultimately, Plaintiff was terminated on December 31, 2016.

Plaintiff asserts claims for Age Discrimination in Violation of O.R.C. Chapter 4112, Retaliation in Violation of O.R.C. §§ 4112.02(1) and 4112.99, and Aiding and Abetting in

Violation of O.R.C. § 4112.02(J).

In the Final Pretrial Statement filed in state court, Plaintiff's counsel indicated that the instant case "is an age discrimination and retaliation case under state and federal law." ECF DKT #5 Doc. 1-1 at 1. Subsequently, Defendants removed the case to federal court based on the notion that Plaintiff alleges federal claims under the Age Discrimination and Employment Act of 1967 ("ADEA"). Defendants allege that Plaintiff's Charge ("Charge") of Employment Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and Plaintiff's Final Pretrial Statement are evidence that removal was proper. ECF DKT #6 at 2. Plaintiff contends that all of his claims arise out of state law and therefore moves to remand the case to state court.

**Defendants' Opposition to Plaintiff's Motion to Remand**

Defendants allege that the Final Pretrial Statement contained solid and unambiguous proof that the case was removable. Thus, Defendants argue that the removal was objectively reasonable and proper. Defendants cite to U.S.C. § 1446(b)(3), which states in pertinent part:

> if the case stated by [Plaintiff's] initial pleading [was] not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Defendants claim that they were within the thirty-day requirement and that the Final Pretrial Statement was "a copy of an amended pleading, motion, order or other paper that contains solid and unambiguous information that the case is removable." *Laber v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 126 F. Supp. 3d 934, 942 (N.D. Ohio 2015) (quoting *Berera v. Mesa Med. Grp., PLLC*, 779

F.3d 352, 364 (6th Cir.2015)). Defendants argue that the Final Pretrial Statement serves as "other paper." *Id.* Defendants cite to the Final Pretrial Statement where it states, "this is an age discrimination and retaliation case under state and federal law," and they conclude that this wording is unambiguous and warrants removal.

Additionally, Defendants point to Plaintiff's 2017 EEOC charge of age discrimination and retaliation as a "triggering document." Defendants quote *Walker v. Trailer Transit, Inc.*, where the court held that:

> The question is whether [the triggering] document, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable. 727 F.3d 819, 825 (7th Cir. 2013).

Defendants challenge Plaintiff's suggestion that the Court should look at their subjective motivations for removal. Defendants cite to *Geffen v. Gen. Elec. Co.* which held that "this Court's reasonableness analysis, however, inquires as to the objective reasonableness, not the subjective reasonableness of the remover's actions[.]" 575 F. Supp. 2d 865, 873 n.10 (N.D. Ohio 2008). *See also Laber*, 126 F. Supp. 3d at 934 n.3. Defendants contend that the Court should deny Plaintiff's Motion to Remand and for Costs.

**Plaintiff's Reply in Support of Motion to Remand**

Plaintiff argues that counsel's inclusion of "federal law" within his Final Pretrial Statement was a typographical error and did not warrant Defendants' removal of the instant case. Accordingly, Plaintiff's counsel submitted an affidavit explaining that the scrivener's error was unnoticed because counsel was out of the office on May 14, 2018 and did not return until the next day. Counsel did not realize that there was a mistake until Defendants removed the case. Plaintiff's counsel then reached out to defense counsel by email on May 15, 2018,

admitting the typographical error and seeking a joint stipulation for remand.  However, on May 16, 2018, Defendants replied, refusing to remand the case and asserting that removal was proper.  See ECF DKT #5 Doc. 5-3 at 205.

Plaintiff argues that Defendants seek to trick this Court into believing that Plaintiff is the party who referenced the federal age discrimination statute.  Defendants' Opposition Brief recites:  "Plaintiff filed a Charge of Employment Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant The Babcock and Wilcox Company ("B&W"), predicated upon the exact same facts as those alleged in the state court lawsuit, and asserting that B&W had violated the ADEA.  Thus, it was both objectively and subjectively reasonable for Defendants to remove this case pursuant to 28 U.S.C. § 1446(b)(3)."  Plaintiff reiterates that he never made reference to federal law at any point during the litigation process, except for the one minor error in the Final Pretrial Statement.  ECF DKT #7 at 3.  Plaintiff addresses the case law cited by Defendants and argues that it is distinguishable from the instant matter.

Lastly, Plaintiff argues that Defendants' reliance on the March 29, 2017 Discrimination Charge filed with the EEOC is baseless.  Defendants had notice of this charge and therefore, were obligated to file their Notice of Removal 30 days after learning this information, but failed to do so.  The state court Complaint was filed on June 22, 2017, but Defendants did not file their Notice of Removal until May 14, 2018.  Additionally, Plaintiff emphasizes that Defendants did not mention the Charge in their Notice of Removal; yet they claim the EEOC Charge is a "critical fact."  Therefore, Plaintiff insists that the removal was unreasonable and that the Motion to Remand and for Costs should be granted.

## II. LAW AND ANALYSIS

**Standard of Review**

**Removal**

A civil action filed in state court may be removed to federal court if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole v. Great Atl. & Pac. Tea Co.,* 728 F.Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case **must** be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447( c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc*., 264 F.Supp. 514, 515 (E.D.Ky.1967); *see also Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir.1930).

A defendant may remove a civil action if the federal district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "well-pleaded complaint" rule requires a court to look to the "face of the plaintiff's properly pleaded complaint" to determine whether it has original jurisdiction over a case. *Id.* "To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Bldg. Prods., Inc. v. The Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007). Furthermore, in

*Cromwell v. Equicor–Equitable HCA Corp*, 944 F.2d 1272, 1277 (6th Cir. 1991), the Sixth Circuit held that a district court should "look to the **complaint** as it existed at the time the petition for removal was filed to determine" the matter of federal jurisdiction raised by the defendant's notice of removal. (Emphasis added).

**Costs**

28 U.S.C. §1447 provides the basis upon which court costs are to be awarded:

> ... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

As it pertains to court costs, the Supreme Court of the United States in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) held:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

Here, Plaintiff's Complaint asserts no federal claims and the only reference to federal law is in the Final Pretrial Statement. Plaintiff's counsel immediately notified Defendants' counsel and submitted an affidavit admitting the typographical error. Additionally, the rest of the Final Pretrial Statement only references Ohio law. See ECF DKT #1 Doc.1-1 at 7.

In their Opposition brief, Defendants contend that the Charge filed with the EEOC is indicative of a federal claim governed under the ADEA. However, this EEOC filing is not enough to establish that Plaintiff is alleging a federal claim in addition to state claims. Plaintiff's Complaint, as well as emails sent to Defendants' counsel, all indicate that Plaintiff

does not seek relief under the ADEA.  Plaintiff correctly argues that removal on this basis would not be timely since the Complaint and Charge were filed in 2017, and Defendants filed their Notice of Removal on May 14, 2018.  Therefore, the Court finds that Defendants have failed to meet their burden to establish that removal is appropriate.

Turning to the issue of court costs, the Court finds that Defendant was using removal as a "stalling tactic."  Defendants B&W were scheduled for a deposition on May 15, 2018.  Trial was set to begin on June 11, 2018.  Defendants failed to respond to Plaintiff's basic discovery requests and depositions, forcing Plaintiff to file a Motion to Compel on May 11, 2018.  ECF DKT #1 Doc.1-2 at 131.  The docket reveals Defendants' lack of timeliness and efficiency throughout the state court litigation.

The Court must determine whether removal is "objectively reasonable."  *Geffen* 575 F. Supp.2d at 873 n.10.  The Court finds that one word in a Final Pretrial Statement does not constitute an objectively reasonable basis for removal.  It is solely within the Court's discretion to determine whether costs should be awarded.  Due to Defendants' objectively unreasonable basis for removal, the Court deems costs are appropriate.

Plaintiff submits an affidavit indicating the amount of time spent opposing the Notice of Removal, hourly rates and the various persons who contributed to researching and drafting the Motion to Remand.  ECF DKT #7 Doc.7-2 at 287.  In total, Plaintiff asks this Court for $13,883.00.  While it is evident that Defendants mishandled the removal, the amount Plaintiff requests is excessive.  The Court has reviewed the affidavit and calculates the appropriate cost award (at hourly rates set forth in Exhibit 2 ECF DKT #7-2), as follows:

| Attorney/Clerk | Hours | Fees |
|---|---|---|
| Christopher P. Thorman | 3 | $1695.00 |
| Lara S. Nochomovitz | 2 | $700.00 |
| Rita Boutros | 5 | $625.00 |

**Total**: $3020.00

### III. CONCLUSION

For these reasons, the Court grants Plaintiff's Motion (ECF DKT #5) for Remand and Costs. The above-captioned case is remanded to Cuyahoga County Common Pleas Court for further proceedings. The Court also awards Plaintiff his expenses, fees and costs in the amount of $3020.00.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

Dated: August 13, 2018